(12 Misc. Rep. 202.)

## MULLER v. HATCH CUTLERY CO.

(City Court of New York, General Term. April 9, 1895.)

ATTACHMENT—AVERMENT ON INFORMATION AND BELIEF.

In an action by the assignee of a claim against defendant, an averment in the complaint, on information and belief, that plaintiff's assignor performed services for defendant at its request, for which the amount sued for remains unpaid, and that the cause of action and the money due for "said services" were assigned plaintiff, it is a legal inference that plaintiff's source of information and belief as to the cause of action was the assignor. and therefore an attachment will not be vacated on the ground that the material allegations of the complaint were made on information and belief, the sources of which were not disclosed.

Appeal from special term.

Action John V. O. Muller against the Hatch Cutlery Company. From an order denying a motion to vacate an attachment, defendant appeals. Affirmed.

Argued before VAN WYCK and McCARTHY, JJ.

Walter D. Clark, for appellant.

Fred. G. Dow, for respondent.

VAN WYCK, J. The defendant's notice of motion recited that the motion was made on the "summons, complaint, affidavit, and warrant of attachment thereon" on the ground that the papers were defective and insufficient, in that "material allegations in said complaint were made solely on information and belief, and neither the complaint nor affidavit discloses the sources of plaintiff's information and belief or knowledge of the same." The plaintiff sues on a cause of action assigned to him directly from the person to whom the original cause accrued, and his averment that he is entitled to recover the specified sum of defendant over and above all counterclaims "known to him" is on knowledge, and is sufficient, and in strict compliance with the Code, and so, too, his averment of the cause of attachment, that defendant is a foreign corporation. However, the averment of the cause of action is upon information and belief, and does not specifically state the source of the same, but does state on information and belief that one Haines, the plaintiff's assignor, performed personal services as salesman during the year 1893 for defendant, as its request, and at an agreed annual salary of $1,200, of which no part had been paid except $600; but the allegation that Haines thereafter, and before the commencement of this action, assigned to plaintiff said cause of action, and the money due to him from defendant for "said services," is upon knowledge, and the legal inference is that plaintiff's source of information and belief as to the cause of action is Haines, speaking by the assignment itself; and, if written, it is a solemn declaration, over his own signature, that he had performed such personal services for such term, at such salary, of which $600 is unpaid, for defendant, at its request; and, if oral, the same declaration must have. been made by him to plaintiff, who avers upon knowledge the assignment of the cause of action, and the money due from defendant for said

services. And so, too, the legal inference is that Haines had personal knowledge of this cause of action for his personal services performed by him as salesman for defendant, because the services of a salesman can only be performed by him in person, and not by him acting through another. Order affirmed, with $10 costs.